KEMP *vs.* THE BALTIMORE FIRE INSURANCE COMPANY, *June,* 1830.

An Insurance Company having elected to rebuild a mill destroyed by fire, which they were bound to complete within a reasonable time, contracted with S on the 15th October, 1824, who agreed to rebuild and complete it on or before the 1st June next thereafter, for which he was to be paid "$800 in hand, and $1000 on the 1st December next, continuing as the work progressed, the payment of $1000 on the first day of each following month, until the 1st July inclusive, provided the work shall then be finished." On the 16th December, 1824, S drew an order on the Company in favor of the Millwright, which authorised the Company to retain $750 *out of the last payment* to be made to him, and to pay it over to the Millwright, as soon "as he is completely finished, agreeably to his contract." This order was accepted by the Company. In an action by the Millwright upon the order, it appeared that he had finished his part of the work according to his contract with S—that the owners of the mill were satisfied with the character of his work—that the mill, however, was not finished until January, 1826—that the Company retained the last $1000, which they were to pay S, to answer a suit which the proprietors of the mill had brought against them, for an alleged violation of S's contract. HELD, that upon the true construction of the order, the plaintiff was entitled to receive the $750 from the Company, only in the event of S becoming entitled to his last instalment, out of which it was to be paid—and that although time is not generally considered to enter into the essence of a contract; yet, in this case, it ought to have that effect, by reason of the Company's liability to the assured to rebuild in a reasonable time.

In an action against a corporation, the affidavit of the president thereof made for the purpose of procuring a continuance, in another cause than that in which it was offered as evidence, is not competent testimony against such corporation, though the subject matter of the affidavit be pertinent to the issue. He should be sworn as a witness, the defendant being entitled to a cross examination.

APPEAL from *Baltimore* County Court.

*Assumpsit,* by the appellant, against the appellees, on an accepted order, drawn by a certain *David Scott,* on the appellees, and dated December 16th, 1824. The declaration contained a special *count* on the order, the money *counts,* a *count* for work and labor, and on an *insimul computassent.* The defendants pleaded *non assumpsit,* and issue was joined.

1. At the trial, the plaintiff offered in evidence to the jury the following order of *David Scott* upon the said Company, and also the acceptance of the same by *David Williamson,* who was at the time, and still is, the President of the said Company. "*Frederick* County, Dec. 16th, 1824. Sir, Agreeable to an article entered into this day, by *Daniel Kemp,* to do the millwright's work of *Walter B. Kemp's* mill on the *Monocacy,* I do hereby authorise you to retain seven hundred and fifty dollars out of the last payment to be made to me, and to pay it over to said *Kemp* as soon as he is *completely* finished, agreeable to his contract, and charge the same to account of your humble servant, *David Scott.* To *David Williamson,* Esq. President of the *Baltimore Fire Insurance Company.* Accepted. *D. Williamson, Prest.* 23d December, 1824." The plaintiff further offered in evidence, the policy of insurance between the defendants and the owners of the said mill, by which the same was insured against loss from fire, and which secured to the defendants, the right of reinstatement, in preference to payment, if the former should be deemed most expedient by the Company. And also offered in evidence, the following agreement: "*Memorandum* of an agreement made this 15th of October, 1824, by, and between the *President and Directors of the Baltimore Fire Insurance Company* of the one part, and *David Scott,* of *Frederick* county, of the other part, witnesseth: That the said *David,* hath agreed to rebuild the *Monocacy* mill, and replace all the machinery which was in the said mill, agreeably to the description given by Mr. *John Davies,* in his letters of the 9th June, 1823, and 13th October, 1824, and a plot presented at the office of said Company, this day; the said mill having been insured in this office, for *Walter B. Kemp,* and to complete the same, on or before the first day of June next, for, and in consideration of the aforesaid, the *Insurance Company* promise to pay the said *Scott,* eight hundred dollars in hand, and one thousand dollars on the first day of *December* next, continuing as the work progresses, the payment

of one thousand dollars, on the first day of each following month, until the first of July inclusive; provided, the work shall then be finished. *D. Williamson, President. David Scott.* The above to serve, until a more full detail and contract shall be executed, and security given by the said *Scott.*" He also offered in evidence to the jury, the following letters: "To the President and Directors of the *Baltimore Fire Insurance Company.* Gentlemen: Mr. *Buckey* has left with me, for adjustment, a claim against your office, to a considerable amount, for a loss on a mill on the *Monocacy.* Will you be so good as to inform me if it can be adjusted otherwise than by suit. Very respectfully, *John Glenn. Baltimore,* Feb. 25th, 1826." "Mr. *John Glenn,* Sir: We have received your note as attorney for Mr. *Buckey,* wherein you state he has a claim on this office. He was in town about two weeks since, and did not exhibit any account of what he claimed from the Company. They have fulfilled their engagement, by rebuilding a new mill several thousand dollars better than the old one, which can be proved. By order, *Henry W. Webster,* Sec'ry. *Baltimore,* Feb. 28th, 1826." And also proved by *Webster,* secretary of the defendants, that he was such, and that by a *parol* order of the board, he had addressed the said letter to *John Glenn,* esquire. And that the mill mentioned in said letter, was the same referred to, in the order drawn by *Scott* upon the defendants. The plaintiff also proved that he had completed his portion of the work, according to the terms of his contract with *Scott,* and that *Scott* had received the said work, and expressed himself satisfied therewith. And that the defendants had paid *Scott* all the payments to which he was entitled under his contract, for rebuilding said mill, except the last payment, amounting to one thousand dollars, which sum remained with, and still is retained by the defendants, because of an alleged non-compliance, made by the persons entitled to said policy of insurance, by *David Scott,* with his said contract with the Company; and on account of which, a suit is now pending in this Court on

said policy, against the defendants. And that the mill was built by *Scott*, and in a workmanlike and proper manner; that the same had been burnt down in August, 1824, but was not rebuilt and finished, until 1st January, 1826, on which day, the proprietors took possession thereof, and afterwards gave the following note, signed by *Christian Kemp* and *Daniel Buckey*, " 15th January, 1826. *George Baer*, Esquire. You can state to *David Williamson*, Esquire, President of the *Baltimore Fire Insurance Company*, that we were called on by *Daniel Kemp*, millwright, who has done the millwright's work to the mills called *Monocacy* mills, which *David Scott* had undertaken to rebuild for the *Baltimore Fire Insurance Company*. We are satisfied with the workmanship of *Daniel Kemp*. We have taken the mill off his hands, as to the workmanship." After the foregoing evidence had been given to the jury, the plaintiff offered in evidence, legal proof of the pendency of a suit in *Baltimore* County Court, wherein *Walter B. Kemp*, (for the use of *Christian Kemp* and *Daniel Buckey*,) was plaintiff, and the said *Baltimore Fire Insurance Company*, defendants; and that on the 26th November, 1827, said defendants applied for the continuance of said suit, and for the purpose of procuring the same, the said *Williamson*, as President aforesaid, made in open Court the following affidavit: "*Kemp vs. The Baltimore Fire Insurance Company. Baltimore* County Court, September Term, 1827. *David Williamson*, the President of the *Baltimore* Fire Insurance Company, the defendants in this cause, makes oath in open Court, that the defendants cannot proceed to the trial of the cause at this time, for the want of evidence material, competent, and proper; that *William Durham* and *David Scott*, are material, competent, and proper witnesses, for the defendants in the said case, and that the Company expect to prove by said witnesses, that the mill in the policy of insurance mentioned, upon which the action is brought, was, after the de-

struction thereof, rebuilt by said Company, under the provisions of the memorandum, at the foot of said policy, within a reasonable time, and was as good when rebuilt, as the mill burnt was originally when insured, &c.;" which said affidavit, the plaintiff offered *to* read in evidence (the said *Williamson* being then present in Court) to the jury, in order to shew to the jury, that the mill had been rebuilt, and to use the said affidavit as an admission thereof. To the reading of which affidavit to the jury, as evidence of the fact, that the conditions stated in the accepted order of *Scott*, upon defendants, and upon which, as appears upon the face of said order, it was accepted as aforesaid, by said *Williamson* as President, had been complied with, the defendants objected, and the Court being of opinion, that the same was not evidence for the purpose aforesaid, rejected the same, the plaintiff excepted.

The defendants then upon the whole of the evidence above stated, as given to the jury, prayed the Court, to direct the jury, that the said evidence was not sufficient to prove, that the conditions upon which the aforesaid order had been given and accepted, had been complied with, and that the plaintiff was not entitled to recover; which direction, the Court gave. The plaintiff excepted, and the verdict and judgment being against him, he appealed to the Court of Appeals.

The cause was argued before Buchanan, Ch. J. and Earle, and Stephen, J.

*Frick*, for the appellee, contended,

1. That there was legal, admissible evidence offered to the jury, from which they could have inferred and determined, that the condition on which the order upon the President of said Company was given and accepted, had been complied with, and that the Court erred in their absolute direction to the jury, that the said evidence was insufficient for that purpose. 2. That the affidavit of *David Williamson*, the President of the Company, was legal, admissible testimony, for the purpose aforesaid. On the first point he

cited *Morris vs. Brickley and Caldwell*, 1 *Harr. and Gill*, 107. *Davis vs. Davis*, 7 *Harr. and Johns*. 38, 39. *Elder vs. Warfield, Ib*. 394, 417. *Laidlow vs. Organ*, 2 *Wheat*. 178. *Cathell vs. Goodwin*, 1 *Harr. and Gill*, 470. *Wright vs. Freeman*, 5 *Harr. and Johns*. 478. *Ferguson vs. Tucker*, 2 *Harr. and Gill*, 189. *Burt vs. Gwinn*, 4 *Harr. and Johns*. 516. *Alston vs. Contee, Ib*. 351. 1 *Stark. Ev*. 398, 399. *Etting vs. Bank U. S.* 11 *Wheat*. 75. 1 *Stark. Ev*. 429. *McLanahan vs. Universal Ins. Co.* 1 *Peters' S. C. Rep*. 170, 171. *Thornton vs. Wynn*, 12 *Wheat*. 183.

*Johnson*, for the appellees. The question here is upon the contract set out in the first count in the declaration, and the construction of that contract is for the Court. *Ferris vs. Walsh*, 5 *Harr. and Johns*. 306. The order of December 16th, 1824, creates an obligation to pay only upon the condition that *Scott* should be entitled to demand the last instalment. At the time the order was drawn and accepted, that instalment had not become due. By *Scott's* contract with the defendants, the mill was to be completed in July, 1825, and the last instalment was to be paid only in the event of his fulfilment of that part of his contract. It was not finished until January, 1826, and therefore, the last instalment did not become payable. There is no evidence that the defendants ever discharged Scott from the terms of the contract.

That the affidavit of Williamson was not evidence, he referred to *Bateman vs. City Bank*, 7 *Harr. and Johns*. 104.

STEPHEN, J. delivered the opinion of the Court.

The facts of this case, and the questions therein involved, lie within a very narrow compass. They are as follows: (here the Judge stated the facts in the bills of exceptions,) and then said, the principal question in the case arises upon the true construction of *Scott's* order upon the Company, in favor of *Daniel Kemp*. By the terms

of his contract with the Company, *Scott* was bound to rebuild the mill by the first of June, 1825, and it was proved in the cause, that it was not rebuilt until the first of January, 1826. The mill was burnt down in August, 1824. The Company having elected *to* rebuild the mill, were bound to do it in a reasonable time. *Scott* contracted on the 15th of October, to rebuild it by the 1st of June, 1825, and his last payment was to be made *upon that condition*; and although time is not generally considered to enter into the essence of a contract, yet in this case, we think it ought to have that effect, by reason of the Company's liability to the assured, to rebuild in a reasonable time; and for the non-performance of which, it appears, that a suit had been commenced against them. *We think,* that upon the true construction of the order, *Daniel Kemp* was entitled to receive the $750 from the Company, only in the event of Scott's becoming entitled to receive his last instalment of $1000, out of which it was to be paid, upon complying with the terms of his contract, to rebuild the mill by the 1st of June, 1825. We are furthermore of opinion, that the affidavit of *David Williamson,* was properly rejected, as he was present in Court at the time, and ought to have been sworn as a witness, the defendants in the cause being entitled to a cross examination.

JUDGMENT AFFIRMED.